# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LIBERTY BANK, F.S.B.,** ) | |
| ) | |
| **Appellant,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 15-4861-CM** |
| **D.J. CHRISTIE, INC., et al.,** ) | |
| ) | |
| **Appellees.** ) | |
| ) | |

## MEMORANDUM AND ORDER

In January 2016, this court affirmed the decision of the bankruptcy court to approve a settlement agreement between bankruptcy debtor D.J. Christie, Inc. ("Debtor"), David J. Christie, and Alexander Glenn (collectively "the Christie Parties"); and Alan E. Meyer and John R. Pratt ("Settlement Agreement"). Intervenor, party-in-interest, and appellant Liberty Bank filed a motion for rehearing under Fed. R. Bankr. P. 8022 (Doc. 16). In that motion, Liberty Bank claims that this court overlooked or misapprehended the law and/or facts. The court disagrees, and denies Liberty Bank's motion for the following reasons.

Fed. R. Bankr. P. 8022 provides the sole mechanism for requesting a rehearing from a district court sitting as an appellate court in a bankruptcy case. *In re Motors Liquidation Co.*, No. 09 Civ. 7794, 2010 WL 3565494, at *1 (S.D.N.Y. Sept. 10, 2010) (citation omitted) (referring to Rule 8015, which is the predecessor for Rule 8022). Because the rule itself does not provide a legal review standard, courts have imported the standards of Fed. R. App P. 40. *Id.* (citations omitted); *In re Heath Global, Inc.*, No. 12 Civ. 8966(RA), 2013 WL 6722773, at *1 (S.D.N.Y. Oct. 9, 2013) (citation omitted). A movant must demonstrate that the court overlooked or misapprehended the law or a fact that would have changed the result of the case. *In re CBI Holding Co.*, Nos. 94 B. 43819(BRL), 01

Civ. 0131(KMW), 2010 WL 2287013, at *1 (S.D.N.Y. June 7, 2010) (citation omitted).  The standard is strict.  *Id.*  And a movant may not reargue his case, offer new evidence, or make new arguments.  *In re Motors Liquidation Co.*, 2010 WL 3565494, at *1 (citations omitted); *In re Spiegel, Inc.*, Nos. 03-11540(BRL), 06-CV-13477(CM), 2007 WL 2609966, at *2 (S.D.N.Y. Aug. 22, 2007) (citations omitted).

Liberty Bank claims that this court misapprehended or overlooked the following point of law and/or fact:

> As a matter of law, the procedure to approve a compromise under Federal Rule of Bankruptcy Procedure 9019(a) cannot be used to deny [Liberty Bank]'s legal rights against either (a) the Debtor, D.J. Christie, Inc.; or (2) the non-bankrupt individual, David J. Christie, because the Settlement Agreement in this case unlawfully disposes of [Liberty Bank]'s valid garnishment liens.

(Doc. 16 at 1.)  Liberty Bank then discusses at length the case *In re Sportstuff, Inc.*, 430 B.R. 170 (B.A.P. 8th Cir. 2010).  Liberty Bank argues that *In re Sportstuff* is directly on point with the instant case and requires reversal of the bankruptcy court's approval of the settlement agreement.

Liberty Bank's arguments are not new.  The court already rejected Liberty Bank's arguments, distinguishing *In re Sportstuff* in its opinion.  (Doc. 15 at 6–7.)  Liberty Bank is now rearguing the same grounds previously rejected by the court.  The court neither overlooked nor misapprehended *In re Sportstuff*, and Liberty Bank has offered no valid basis for relief under Rule 8022.  *Cf.* Tenth Cir. R. 40.1(a) ("A petition for rehearing should not be filed routinely.  Rehearing will be granted only if a significant issue has been overlooked or misconstrued by the court."); *United States v. Vasquez*, 985 F.2d 491, 497 (10th Cir. 1993) (considering a Rule 40 petition for rehearing and stating that "reiteration of previously rejected legal theories will not prompt a change of mind") (citation omitted).  For these reasons, the court denies Liberty Bank's motion.

**IT IS THEREFORE ORDERED** that Appellant's Motion for Rehearing (Doc. 16) is denied.

Dated this 15th day of June, 2016, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
